| Attorney or Party Name, Address, Telephone & FAX Nos.:, State Bar No. & Email Address<br>**Brad Weil ~263524**<br>**The Law Offices of Brad Weil**<br>**460 E. Carson Plaza Dr.**<br>**Suite 217**<br>**Carson, CA 90746**<br>**310 515 7799 Fax: 310 515 7752**<br>**263524**<br>**bfweil@justbradlegal.com**<br><br>☐ *Individual appearing without attorney*<br>☑ *Attorney for:* Debtor | FOR COURT USE ONLY |
|---|---|

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

| List all names (including trade names) used by the debtor within the last 8 years:<br><br>**Lela Mae Hightower**<br><br><br><br><br><br>Debtor(s). | CASE NO.:. 2:16-bk-11031-SK<br><br>CHAPTER 13<br><br>**Third Amended**<br>**CHAPTER 13 PLAN** |
|---|---|
| | **CREDITORS MEETING:**<br>Date: 3/04/16<br>Time: 11:00 AM<br>Place: RM 1, 915 Wilshire Blvd., 10th Floor, LA CA 90017<br><br>**CONFIRMATION HEARING:**<br>Date: 10/20/16<br>Time: 10:00 AM<br>Place: Crtrm 1575, 255 E. Temple St., LA CA 90012 |

## NOTICE

This Chapter 13 Plan is proposed by the above Debtor. The Debtor attests that the information stated in this Plan is accurate. Creditors cannot vote on this Plan. However, creditors may object to this Plan being confirmed pursuant to 11 U.S.C. § 1324. Any objection must be in writing and must be filed with the court and served upon the Debtor, Debtor's attorney (if any), and the chapter 13 trustee not less than 7 days before the date set for the meeting of creditors. Unless an objection is filed and served, the court may confirm this Plan. The Plan, if confirmed, modifies the rights and duties of the Debtor and creditors to the treatment provided in the Plan as confirmed, with the following IMPORTANT EXCEPTIONS:

Unless otherwise provided by law, each creditor will retain its lien until the earlier of payment of the underlying debt determined under non-bankruptcy law or discharge under 11 U.S.C.§1328. If the case under this chapter is dismissed or converted without completion of the Plan, such lien shall also be retained by such holder to the extent recognized by applicable non-bankruptcy law.

Defaults will be cured using the interest rate set forth below in the Plan. Any ongoing obligation will be paid according to the terms of the Plan.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                                    Page 1                                    F3015-1.01.CHAPTER13.PLAN

**HOLDERS OF SECURED CLAIMS AND CLASS 1 CLAIMANTS WILL BE PAID ACCORDING TO THIS PLAN AFTER CONFIRMATION UNLESS THE SECURED CREDITOR OR CLASS 1 CLAIMANT FILES A PROOF OF CLAIM IN A DIFFERENT AMOUNT THAN THAT PROVIDED IN THE PLAN.** If a secured creditor or a class 1 creditor files a proof of claim, that creditor will be paid according to that creditor's proof of claim, unless the court orders otherwise.

**HOLDERS OF ALL OTHER CLAIMS MUST TIMELY FILE PROOFS OF CLAIMS, IF THE CODE SO REQUIRES, OR THEY WILL NOT BE PAID ANY AMOUNT.** A Debtor who confirms a Plan may be eligible thereafter to receive a discharge of debts to the extent specified in 11 U.S.C. § 1328.

The Debtor proposes the following Plan and makes the following declarations:

I. **PROPERTY AND FUTURE EARNINGS OR INCOME SUBJECT TO THE SUPERVISION AND CONTROL OF THE CHAPTER 13 TRUSTEE:**

   The Debtor submits the following to the supervision and control of the chapter 13 trustee:

   A. Payments by Debtor of **$2,040.00** per month for **2** months, then **$2,140.00** per month for **2** months, then **$2,240.00** per month for **2** months, then **$500.00** per month for **53** months, plus **$100,000.00** lumpsum payment in month **15**. This monthly Plan Payment will begin within 30 days of the date the petition was filed.

   B. The base plan amount is $ **139,340.00** which is estimated to pay **100** % of the allowed claims of nonpriority unsecured creditors. If that percentage is less than 100%, the Debtor will pay the Plan Payment stated in this Plan for the full term of the Plan or until the base plan amount is paid in full, and the chapter 13 trustee may increase the percentage to be paid to creditors accordingly.

   C. Amounts necessary for the payment of postpetition claims allowed under 11 U.S.C. § 1305.

   D. Preconfirmation adequate protection payments for any creditor who holds an allowed claim secured by personal property where such security interest is attributable to the purchase of such property and preconfirmation payments on leases of personal property whose allowed claim is impaired by the terms proposed in the plan. Preconfirmation adequate protection payments and preconfirmation lease payments will be paid to the chapter 13 trustee for the following creditor(s) in the following amounts:

| Creditor/Lessor Name | Collateral Description | Last 4 Digits of Account # | Amount |
|---|---|---|---|
| -NONE- | | | |

   Each adequate protection payment or preconfirmation lease payment will commence on or before the 30th day from the date of filing of the case. The chapter 13 trustee shall deduct the foregoing adequate protection payment(s) and/or preconfirmation lease payment from the Debtor's Plan Payment and disburse the adequate protection payment or preconfirmation lease payment to the secured(s) creditor(s) at the next available disbursement or as soon as practicable after the payment is received and posted to the chapter 13 trustee's account. The chapter 13 trustee will take his or her statutory fee on all disbursements made for preconfirmation adequate protection payments or preconfirmation lease payments.

   E. Other property: (*specify property or indicate none*)
      **NONE**

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                     Page 2                     F3015-1.01.CHAPTER13.PLAN

II. **ORDER OF PAYMENTS; CLASSIFICATION AND TREATMENT OF CLAIMS:**
Except as otherwise provided in the Plan or by court order, the chapter 13 trustee shall disburse all available funds for the payment of claims as follows:

A. ORDER OF PAYMENTS:

1. If there are Domestic Support Obligations, the order of priority shall be:

    (a) Domestic Support Obligations and the chapter 13 trustee's fee not exceeding the amount accrued on payments made to date;

    (b) Administrative expenses (Class 1(a)) in an amount not exceeding _____% of each Plan Payment until paid in full;

2. If there are no Domestic Support Obligations, the order of priority shall be the chapter 13 trustee's fee not exceeding the amount accrued on payments made to date, and administrative expenses (Class 1(a)) in an amount not exceeding __100__ % of each Plan Payment until paid in full.

3. Notwithstanding 1 and 2 above, ongoing payments on secured debts that are to be made by the chapter 13 trustee from the Plan Payment; such secured debt may be paid by the chapter 13 trustee commencing with the inception of Plan Payments.

4. Subject to 1, 2, and 3 above, pro rata to all other claims except as otherwise provided in the Plan.

5. No payment shall be made on nonpriority unsecured claims until all secured and priority claims have been paid in full.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012      Page 3      F3015-1.01.CHAPTER13.PLAN

B. CLASSIFICATION AND TREATMENT OF CLAIMS:

### CLASS 1
### ALLOWED UNSECURED CLAIMS ENTITLED TO PRIORITY UNDER 11 U.S.C. §507

The Debtor will pay Class 1 claims in full; except the debtor may provide for less than full payment of Domestic Support Obligations pursuant to 11 U.S.C. §1322(a)(4).

| CATEGORY | AMOUNT OF PRIORITY CLAIM | INTEREST RATE, if any | MONTHLY PAYMENT | NUMBER OF MONTHS | TOTAL PAYMENT |
|---|---|---|---|---|---|
| a. Administrative Expenses | | | | | |
| (1) Chapter 13 trustee's fee -- estimated at 11.11% of all payments to be made to all classes through this Plan. | | | | | |
| (2) Attorney's Fees | $5,750.00 | | $1,437.50 | 4 | $5,750.00 |
| (3) Chapter 7 trustee's fees | | | | | |
| (4) Other | | | | | |
| b. Other Priority Claims | | | | | |

| | | | | | |
|---|---|---|---|---|---|
| (1) Internal Revenue Service | | | | | |
| Internal Revenue Service | $2,050.54 | 0% | $2,050.54 | 1 | $2,050.54 |

| | | | | | |
|---|---|---|---|---|---|
| (2) Franchise Tax Board | | | | | |

| | | | | | |
|---|---|---|---|---|---|
| (3) Domestic Support Obligation | | | | | |

| | | | | | |
|---|---|---|---|---|---|
| (4) Other | | | | | |
| c. Domestic Support Obligations that are not to be paid in full in the Plan (*specify creditor name*): | | | | | |
| | | | | | |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012    Page 4    F3015-1.01.CHAPTER13.PLAN

## CLASS 2

### CLAIMS SECURED SOLELY BY PROPERTY THAT IS THE DEBTOR'S PRINCIPAL RESIDENCE ON WHICH OBLIGATION MATURES <u>AFTER</u> THE FINAL PLAN PAYMENT IS DUE

1. ☐ The postconfirmation monthly mortgage payment will be made by the chapter 13 trustee from the Plan Payment to:

2. ☐ The postconfirmation monthly mortgage payment will be made by the Debtor directly to:

_____  _____
(name of creditor)                                      (last 4 digits of account number)

_____  _____
(name of creditor)                                      (last 4 digits of account number)

The Debtor will cure all prepetition arrearages for the primary residence through the Plan Payment as set forth below.

### Cure of Default

| Name of Creditor | Last 4 Digits of Account Number | AMOUNT OF ARREARAGE | INTEREST RATE | MONTHLY PAYMENT | NUMBER OF MONTHS | TOTAL PAYMENT |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |

## CLASS 3

### CLAIMS SECURED BY REAL OR PERSONAL PROPERTY WHICH ARE PAID IN FULL DURING THE TERM OF THE PLAN

| Name of Creditor | Last 4 Digits of Account No. | CLAIM TOTAL | SECURED CLAIM AMOUNT | INTEREST RATE | Equal Monthly Payment | NUMBER OF MONTHS | TOTAL PAYMENT |
|---|---|---|---|---|---|---|---|
| Wells Fargo Hm Mortgag | xxxxxxxx6044 | $39,874.00 | $39,874.00 | 0.00 | $3,322.83 | 12 | $39,874.00 |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                                   Page 5                                   F3015-1.01.CHAPTER13.PLAN

## CLASS 4

### OTHER SECURED CLAIMS ON WHICH THE LAST PAYMENT IS DUE AFTER THE DATE ON WHICH THE FINAL PAYMENT UNDER THE PLAN IS DUE

1. ☐ The postconfirmation monthly payment pursuant to the promissory note will be made by the chapter 13 trustee from the Plan Payment to:

2. ☑ The postconfirmation monthly payment pursuant to the promissory note will be made by the Debtor directly to:

| **Wells Fargo Hm Mortgag** | xxxxxxxxx7193 |
|---|---|
| (name of creditor) | (last 4 digits of account number) |
| **Wells Fargo Hm Mortgag** | xxxxxxxxx3634 |
| (name of creditor) | (last 4 digits of account number) |
| **Wells Fargo Hm Mortgag** | xxxxxxxxx4125 |
| (name of creditor) | (last 4 digits of account number) |

The Debtor will cure all prepetition arrearages on these claims through the Plan Payment as set forth below.

| | | Cure of Default | | | | |
|---|---|---|---|---|---|---|
| Name of Creditor | Last 4 Digits of Account Number | AMOUNT OF ARREARAGE | INTEREST RATE | MONTHLY PAYMENT | NUMBER OF MONTHS | TOTAL PAYMENT |
| Wells Fargo Hm Mortgag | xxxxxxxxx7193 | $52,092.80 | 0 | $4,341.07 | 12 | $52,092.80 |
| Wells Fargo Hm Mortgag | xxxxxxxxx3634 | $3,107.73 | 0 | $258.98 | 12 | $3,107.73 |
| Wells Fargo Hm Mortgag | xxxxxxxxx4125 | $1,757.44 | 0 | $146.45 | 12 | $1,757.44 |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012    Page 6    F3015-1.01.CHAPTER13.PLAN

| CLASS 5 |
|---|
| **NON-PRIORITY UNSECURED CLAIMS** |
| The Debtor estimates that non-priority unsecured claims total the sum of $16,341.35 . |
| Class 5 claims will be paid as follows: |
| (Check one box only.) |
| ☑  Class 5 claims (including allowed unsecured amounts from Class 3) are of one class and will be paid pro rata.<br>OR |
| ☐  Class 5 claims will be divided into subclasses as shown ~~on the attached exhibit~~ *directly below* (which also shows the justification for the differentiation among the subclasses) and the creditors in each subclass will be paid pro rata. |

## III. COMPARISON WITH CHAPTER 7

The value as of the effective date of the Plan of property to be distributed under the Plan on account of each allowed claim is not less than the amount that would be paid on such claim if the estate of the Debtor were liquidated under chapter 7 of the Bankruptcy Code on such date. The amount distributed to nonpriority unsecured creditors in chapter 7 would be $ 790,619.51  which is estimated to pay  100 % of the scheduled nonpriority unsecured debt.

## IV. PLAN ANALYSIS

|  |  |
|---|---|
| **CLASS 1a** | $5,750.00 |
| **CLASS 1b** | $2,050.54 |
| **CLASS 1c** | $0.00 |
| **CLASS 2** | $0.00 |
| **CLASS 3** | $39,874.00 |
| **CLASS 4** | $56,957.97 |
| **CLASS 5** | $16,341.35 |
| **SUB-TOTAL** | $120,973.86 |
| **CHAPTER 13 TRUSTEE'S FEE (Estimated 11.11% unless advised otherwise)** | $13,932.98 |
| **TOTAL PAYMENT** | **$139,340.00** |

## V. OTHER PROVISIONS

    A. The Debtor rejects the following executory contracts and unexpired leases.
        **Name of Other Party:**                                  **Description of contract/lease:**
        -NONE-

    B. The Debtor assumes the executory contracts or unexpired leases set forth in this section. As to each contract or lease assumed, any defaults therein and Debtor's proposal for cure of said default(s) is described in Class 4 of this Plan. The Debtor has a leasehold interest in personal property and will make all post-petition payments directly to the lessor(s):
        **Name of Other Party:**                                  **Description of contract/lease:**
        -NONE-

C. In addition to the payments specified in Class 2 and Class 4, the Debtor will make regular payments, including any preconfirmation payments, directly to the following:

**Creditor Name:**  **Monthly Payment:**
-NONE-

D. The Debtor hereby surrenders the following personal or real property. (*identify property and creditor to which it is surrendered*):

**Creditor Name:**  **Description:**
-NONE-

E. The Debtor shall incur no debt greater than $500.00 without prior court approval unless the debt is incurred in the ordinary course of business pursuant to 11 U.S.C. §1304(b) or for medical emergencies.

F. Miscellaneous provisions: (*use attachment, if necessary*):

**The Debtor intends to sell the property located at 163 W. 47th St., Los Angeles CA 90037 and dedicate at least $100,000 to the plan from the proceeds of the sale.**

G. The chapter 13 trustee is authorized to disburse funds after the date confirmation is announced in open court.

H. The Debtor will pay timely all postconfirmation tax liabilities directly to the appropriate taxing authorities as they come due.

I. The Debtor will pay all amounts required to be paid under a Domestic Support Obligation that first became payable after the date of the filing of the petition.

## VI. REVESTING OF PROPERTY

Property of the estate shall not revest in the Debtor until such time as a discharge is granted or the case is dismissed or closed without discharge. Revestment shall be subject to all liens and encumbrances in existence when the case was filed, except those liens avoided by court order or extinguished by operation of law. In the event the case is converted to a case under chapter 7, 11, or 12 of the Bankruptcy Code, the property of the estate shall vest in accordance with applicable law. After confirmation of the Plan, the chapter 13 trustee shall have no further authority or fiduciary duty regarding use, sale, or refinance of property of the estate except to respond to any motion for proposed use, sale, or refinance as required by the LBRs. Prior to any discharge or dismissal, the Debtor must seek approval of the court to purchase, sell, or refinance real property.

Date: **August 16, 2016**

/s/ Brad Weil
Brad Weil ~263524
263524
Attorney for Debtor

/s/ Lela Mae Hightower
Lela Mae Hightower
Debtor

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | |
|---|---|
| **Brad Weil**<br>**The Law Offices of Brad Weil**<br>**460 E. Carson Plaza Dr.**<br>**Suite 217**<br>**Carson, CA 90746**<br>**310 515 7799 Fax: 310 515 7752**<br>**263524**<br>**bfweil@justbradlegal.com**<br>*Attorney for:* | CASE NO.:<br>CHAPTER: **13**<br>ADVERSARY NO.:<br>*(if applicable)* |
| In re:<br><br>Lela Mae Hightower<br>Debtor(s). | **ELECTRONIC FILING DECLARATION**<br>**(INDIVIDUAL)**<br>**[LBR 1002-1(f)]** |

☐ Petition, statement of affairs, schedules or lists — Date Filed: _____
☐ Amendments to the petition, statement of affairs, schedules or lists — Date Filed: _____
☒ Other *(specify):* Third Amended Ch 13 Plan — Date Filed: 8/16/16

### PART I - DECLARATION OF DEBTOR(S) OR OTHER PARTY

I (We), the undersigned Debtor(s) or other party on whose behalf the above-referenced document is being filed (Signing Party), declare under penalty of perjury that: (1) I have read and understand the above-referenced document being filed electronically (Filed Document); (2) the information provided in the Filed Document is true, correct and complete; (3) the "/s/," followed by my name, on the signature line(s) for the Signing Party in the Filed Document serves as my signature and denotes the making of such declarations, requests, statements, verifications and certifications to the same extent and effect as my actual signature on such signature line(s); (4) I have actually signed a true and correct printed copy of the Filed Document in such places and provided the executed printed copy of the Filed Document to my attorney; and (5) I have authorized my attorney to file the electronic version of the Filed Document and this *Declaration* with the United States Bankruptcy Court for the Central District of California. If the Filed Document is a petition, I further declare under penalty of perjury that I have completed and signed a *Statement About Your Social Security Numbers* (Official Form 121) and provided the executed original to my attorney.

Date: 8/16/16

Signature (handwritten) of Debtor or signing party
**Lela Mae Hightower**
Printed name of Signing Party

Date: _____

Signature (handwritten) of Debtor 2 (Joint Debtor) (if applicable)

Printed name of Debtor 2, if applicable

### PART II - DECLARATION OF ATTORNEY FOR SIGNING PARTY

I, the undersigned attorney for the Signing Party, declare under penalty of perjury that: (1) the "/s/," followed by my name, on the signature lines for the attorney for the Signing Party in the Filed Document serves as my signature and denotes the making of such declarations, requests, statements, verifications and certifications to the same extent and effect as my actual signature on such signature lines; (2) the Signing Party signed *Part 1 - Declaration of Debtor(s) or Other Party of this Declaration* before I electronically submitted the Filed Document for filing with the United States Bankruptcy Court for the Central District of California; (3) I have actually signed a true and correct printed copy of the Filed Document in the locations that are indicated by "/s/," followed by my name, and have obtained the signature(s) of the Signing Party in the locations that are indicated by "/s/," followed by the Signing Party's name, on the true and correct printed copy of the Filed Document; (4) I shall maintain the executed originals of this *Declaration* and the Filed Document for a period of five years after the closing of the case in which they are filed; and (5) I shall make the executed originals of this *Declaration* and the Filed Document available for review upon request of the court or other parties. If the Filed Document is a petition, I further declare under penalty of perjury that: (1) the Signing Party completed and signed the *Statement About Your Social Security Numbers* (Official Form 121) before I electronically submitted the Filed Document for filing with the United States Bankruptcy Court for the Central District of California; (2) I shall maintain the executed original of the *Statement About Your Social Security Numbers* (Official Form 121) for a period of five years after the closing of the case in which they are filed; and (3) I shall make the executed original of the *Statement About Your Social Security Numbers* (Official Form 121) available for review upon request of the court.

Date: 8/16/16

Signature (handwritten) of attorney for Signing Party
**Brad Weil**
Printed Name of attorney for Signing Party

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

December 2015

F 1002-1.DEC.ELEC.FILING.INDIVIDUAL

| In re: | | CHAPTER: 13 |
|---|---|---|
| Lela Mae Hightower | | |
| | Debtor(s). | CASE NUMBER: 2:16-bk-11031-SK |

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
460 E. Carson Plaza Dr.
Suite 217
Carson, CA 90746

A true and correct copy of the foregoing document entitled (*specify*): __**Third Amended Chapter 13 Plan**__ will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On __8/16/2016__, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Joseph C Delmotte on behalf of Creditor WELLS FARGO BANK, N.A
ecfcacb@aldridgepite.com, JCD@ecf.inforuptcy.com;jdelmotte@aldridgepite.com

Kathy A Dockery (TR)
efiling@CH13LA.com

Marisol A Nagata on behalf of Creditor Wells Fargo Bank, N.A.
cdcaecf@bdfgroup.com

Edward A Treder on behalf of Interested Party Courtesy NEF
cdcaecf@bdfgroup.com

United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov

Darlene C Vigil on behalf of Creditor Wells Fargo Bank, N.A.
cdcaecf@bdfgroup.com

Robert P Zahradka on behalf of Interested Party Courtesy NEF
ecfcacb@aldridgepite.com, RPZ@ecf.inforuptcy.com;rzahradka@aldridgepite.com

**2. SERVED BY UNITED STATES MAIL**:
On __8/16/2016__, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☑ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| August 16, 2016 | Brad Weil | /s/ Brad Weil |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**9013-3.1.PROOF.SERVICE**

```
Label Matrix for local noticing      Wells Fargo Bank, N.A.              Wells Fargo Bank, N.A.
0973-2                                Aldridge Pite, LLP                 c/o BDFTW
Case 2:16-bk-11031-SK                 4375 Jutland Drive, Suite 200      20955 Pathfinder Rd., Ste. 300
Central District of California        PO Box 17933                       Diamond Bar, CA 91765-4029
Los Angeles                           San Diego, CA 92177-7921
Tue Aug 16 13:36:54 PDT 2016
                                      BARRETT DAFFIN FRAPPIER TREDER     CMRE Financial Services
Los Angeles Division                  15000 SURVEYOR BLVD 500            3075 E Imperial Hwy
255 East Temple Street,               Addison, TX 75001-4417             Suite 200
Los Angeles, CA 90012-3332                                               Brea, CA 92821-6753



Discover Bank                         Discover Financial                 Franchise Tax Board
Discover Products Inc                 Attn: Bankruptcy                   Bankruptcy Section, MS: A-340
POB 3025                              Po Box 3025                        P.O. Box 2952
New Albany Ohio 43054-3025            New Albany, OH 43054-3025          Sacramento, CA 95812-2952



Internal Revenue Service              Los Angeles County Treasurer & Tax  (p)PORTFOLIO RECOVERY ASSOCIATES LLC
P.O. Box 7346                         P.O. Box 54110                     PO BOX 41067
Philadelphia, PA 19101-7346           Los Angeles, CA 90054-0110         NORFOLK VA 23541-1067



United States Trustee (LA)            Wells Fargo Bank, N.A.             Wells Fargo Bank, N.A.
915 Wilshire Blvd, Suite 1850         Attention: Bankruptcy Department   Attn: BK Dept-MAC #D3347-014
Los Angeles, CA 90017-3560            MAC# D3347-014                     3476 Stateview Blvd.
                                      3476 Stateview Blvd                Fort Mill, SC 29715-7200
                                      Fort Mill SC 29715-7203


(p)WELLS FARGO BANK NA                Brad Weil                          Kathy A Dockery (TR)
WELLS FARGO HOME MORTGAGE AMERICAS SERVICING   Law Offices of Brad Weil  700 S. Flower Street, Suite 1950
ATTN BANKRUPTCY DEPT MAC X7801-014    460 E Carson Plaza Dr Ste 217      Los Angeles, CA 90017-4212
3476 STATEVIEW BLVD                   Carson, CA 90746-3274
FORT MILL SC 29715-7203


Lela Mae Hightower
9827 Haas Ave.,
Los Angeles, CA 90047-4024
```

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

```
Portfolio Recovery                    (d)Portfolio Recovery Associates, LLC   Wells Fargo Hm Mortgag
Attn: Bankruptcy                      c/o The Home Depot                      8480 Stagecoach Cir
Po Box 41067                          POB 41067                               Frederick, MD 21701
Norfolk, VA 23541                     Norfolk VA 23541
```

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.