| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| BRAD WEIL, ESQ.  SBN 263524<br>Law Offices of Brad Weil<br>460 E. Carson Plaza Dr. Suite 217<br>Carson CA 90746<br>Telephone: (310) 515-7799<br>Fax: (310) 515-7752<br>bfweil@justbradlegal.com<br><br><br>☐ *Individual appearing without attorney*<br>☒ *Attorney for:* Debtor | |

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION

| In re:<br><br>Lela Mae Hightower<br><br><br><br><br><br><br><br>                                  Debtor(s). | CASE NO.: 2:16-bk-11031-SK<br>CHAPTER 13<br><br>**DEBTOR'S MOTION FOR AUTHORITY<br>TO SELL REAL PROPERTY<br>UNDER LBR 3015-1(p)**<br><br>{No Hearing Required} |

Debtor moves this court for an order authorizing the Debtor to sell the real property, described below, pursuant to the terms and conditions described herein.

1.  Debtor's Chapter 13 Plan (Plan) was confirmed on:  01/20/2017  .

2.  Debtor wishes to sell the real property (Property) located at:
    2721 W. 101st., Street, Inglewood CA 90303

    The Property is more particularly described in Exhibit "A" attached hereto.

    ☐ Debtor wishes to modify the Plan for early payment of the Plan as described in the *Motion to Modify Plan* submitted by Debtor concurrently with this Motion.

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                                    Page 1                          **F 3015-1.16.MOTION.SELL.RP**

3. The sale price of the Property is $ 480,000.00_____. The following are all of the encumbrances of record against the Property:

   a. US Bank Trust National Association as Trustee c/o BSI Financial Services for $93,250.40_____
   b. _____
   c. _____
   d. _____
   e. _____

   *(Add additional page if necessary)*

4. After payment of the foregoing encumbrances and all costs of sale:
   ☒ there will remain the approximate sum of $ 288,035.79_____; OR
   ☐ no proceeds will remain.

5. ☒ (a) The chapter 13 trustee is hereby authorized to make demand upon escrow for sufficient funds to pay off the Plan with a:
      ☒ 100% dividend to unsecured creditors; OR
      ☐ _____% divided as indicated in the confirmed plan.
   After escrow's payment of the encumbrances listed above, any remaining funds shall be paid directly to debtor.

   **OR**

   ☒ (b) The chapter 13 trustee is hereby authorized to make demand upon escrow for the balance remaining after escrow's payment of the encumbrances listed above even though the amount is insufficient to pay off the Plan. The sale is for the fair market value of the Property.

6. The escrow is being processed by:

| | |
|---|---|
| Escrow company name: | Crest Escrow Services |
| Address: | 1455 Crenshaw Blvd., |
| | Suite 100 |
| Telephone: | (310) 328-4806 |
| Facsimile: | (310) 328-4806 |
| Escrow officer: | Lauralee Faricelli |
| Escrow number: | 031539-LF |

7. Supporting documents attached to this Motion are:
   a. Exhibit A – Legal description with street address
   b. Exhibit B – Escrow instructions and documents
   c. Exhibit C – Estimated closing statement
   d. Exhibit D – Schedules I and J of the bankruptcy petition

9. Debtor agrees to provide to chapter 13 trustee a certified copy of the escrow closing statement within 14 days of the close of escrow as a condition to any approval of this motion.

Date:  02/25/2018___

           Brad Weil_____
           Attorney for Debtor

I declare under penalty of perjury that the following is true and correct.

Date:  02/25/2018___

           *Lela Mae Hightower*
           Debtor

Date:  02/25/2018___

           _____
           Joint Debtor

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

460 E. Carson Plaza Dr., Ste 217, Carson CA 90746

A true and correct copy of the foregoing document entitled: **DEBTOR'S MOTION FOR AUTHORITY TO SELL REAL PROPERTY UNDER LBR 3015-1 (p)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (date) 02/25/2018 , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov
Kathy A Dockery (TR)
efiling@CH13LA.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (date) 02/25/2018 , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (date) 02/25/2018 , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 02/25/2018 | Brad Weil | /s/ Brad Weil |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

**F 3015-1.16.MOTION.SELL.RP**

Label Matrix for local noticing
0973-2
Case 2:16-bk-11031-SK
Central District of California
Los Angeles
Sun Feb 25 16:48:47 PST 2018

Fay Servicing, LLC
3000 Kellway Dr,Ste 150
Carrollton, TX 75006-3357

Fay Servicing, LLC
440 S. LaSalle Street, Suite 2000
Chicago, IL 60605-5011

Fay Servicing, LLC
Bankruptcy Department
939 W. North Avenue Suite 680
Chicago, IL 60642-1231

US Bank Trust National Association as Truste
The Law Office of Michelle Ghidotti
5120 E La Palma
Suite 206
Anaheim Hills, CA 92807-2091

WELLS FARGO BANK, N.A
Aldridge Pite, LLP
4375 Jutland Drive, Suite 200
PO Box 17933
San Diego, CA 92177-7921

Wells Fargo Bank, N.A.
c/o BDFTW
20955 Pathfinder Rd., Ste. 300
Diamond Bar, CA 91765-4029

Wells Fargo Bank, N.A., Its Assignees And/Or
c/o McCarthy & Holthus, LLP
1770 Fourth Avenue
San Diego, CA 92101-2607

Los Angeles Division
255 East Temple Street,
Los Angeles, CA 90012-3332

US Bank Trust National Association as Trust
c/o BSI Financial Services
1425 Greenway Drive, Ste 400
Irving, TX 75038-2480

BARRETT DAFFIN FRAPPIER TREDER
15000 SURVEYOR BLVD 500
Addison, TX 75001-4417

Bsi Financial Services
314 S Franklin St
Titusville, PA 16354-2158

CMRE Financial Services
3075 E Imperial Hwy
Suite 200
Brea, CA 92821-6753

Discover Bank
Discover Products Inc
POB 3025
New Albany Ohio 43054-3025

Discover Financial
Attn: Bankruptcy
Po Box 3025
New Albany, OH 43054-3025

Franchise Tax Board
Bankruptcy Section, MS: A-340
P.O. Box 2952
Sacramento, CA 95812-2952

Harris & Harris
111 W Jackson Blvd Suite 400
Chicago, IL 60604-4135

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

Kyshanna Buford
734 W-110th Street
Los Angeles, CA 90044-4322

Los Angeles County Treasurer & Tax
P.O. Box 54110
Los Angeles, CA 90054-0110

Michael Chekian, Esq.
Chekian Law Office
11400 W. Olympic Blvd. #200
Los Angeles, CA 90064-1584

(p)PORTFOLIO RECOVERY ASSOCIATES LLC
PO BOX 41067
NORFOLK VA 23541-1067

United States Trustee (LA)
915 Wilshire Blvd, Suite 1850
Los Angeles, CA 90017-3560

Wells Fargo Bank, N.A.
Attention: Bankruptcy Department
MAC# D3347-014
3476 Stateview Blvd
Fort Mill SC 29715-7203

Wells Fargo Bank, N.A.
Attn: BK Dept-MAC #D3347-014
3476 Stateview Blvd.
Fort Mill, SC 29715-7200

(p)WELLS FARGO BANK NA
WELLS FARGO HOME MORTGAGE AMERICAS SERVICING
ATTN BANKRUPTCY DEPT MAC X7801-014
3476 STATEVIEW BLVD
FORT MILL SC 29715-7203

Brad Weil
Law Offices of Brad Weil
460 E Carson Plaza Dr Ste 217
Carson, CA 90746-3274

Kathy A Dockery (TR)
801 Figueroa Street, Suite 1850
Los Angeles, CA 90017-5569

Lela Mae Hightower
9827 Haas Ave.,
Los Angeles, CA 90047-4024

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Portfolio Recovery
Attn: Bankruptcy
Po Box 41067
Norfolk, VA 23541

(d)Portfolio Recovery
Po Box 41067
Norfolk, VA 23541

(d)Portfolio Recovery Associates, LLC
c/o The Home Depot
POB 41067
Norfolk VA 23541

Wells Fargo Hm Mortgag
8480 Stagecoach Cir
Frederick, MD 21701

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Courtesy NEF

(u)US Bank Trust National Association as Trus

(u)US Bank Trust, N.A. as trustee of the Iglo

(d)WELLS FARGO BANK, N.A.
Aldridge Pite LLP
4375 Jutland Drive, Suite 200
PO Box 17933
San Diego, CA 92177-7921

(u)Wilmington Savings Fund Society, FSB, D/B/
The Law Office of Michelle Ghidotti
5120 E La Palma
Suite 206
Suite 206
Anaheim Hills

(u)20955 Pathfinder Road #300

(u)3476 Stateview Blvd.

(u)Attn.: BK Dept.-MAC #D3347-014

(u)Barrett Daffin, et al.

(u)Diamond Bar, CA 91765

(d)Fay Servicing, LLC
3000 Kellway Dr Ste 150
Carrollton, TX 75006-3357

(u)Fort Mill, SC 29715

(u)Wells Fargo Bank, N.A.

(u)c/o Brandyne Foreman, Esq.

End of Label Matrix
Mailable recipients        28
Bypassed recipients        14
Total                      42

# Exhibit

# "A"

WORLD SAVINGS BANK, FSB

02 0535353

# E X H I B I T  "A"
## LEGAL DESCRIPTION

LOAN NO. _____ ▮▮▮▮▮▮ _____

ALL THAT CERTAIN REAL PROPERTY SITUATED IN THE COUNTY OF LOS ANGELES
STATE OF  CALIFORNIA  *  *  *  *  *  . DESCRIBED AS FOLLOWS

Lot 67, of Tract No. 12954, in the City of Inglewood, County of Los Angeles, State of
California, as per map recorded in Book 275 Page(s) 39 to 45 of maps, in the office of the
County Recorder of said county.

Assessor's Parcel No: 4030-009-025

TAPE <u>ONLY</u> THE LEGAL DESCRIPTION TO THIS PAGE.

GF430A1 103 15 81-7-611 8.20A
REV  07 15 6113 89

EA

Order Number: **TOR-5630269**
Page Number: 5

## LEGAL DESCRIPTION

Real property in the City of Inglewood, County of Los Angeles, State of California, described as follows:

LOT 67 OF TRACT NO. 12954, IN THE CITY OF INGLEWOOD, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 275, PAGES 39 TO 45 INCLUSIVE OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

APN: 4030-009-026

Order Number: **TOR-5630269**
Page Number: 6

ASSESSOR'S MAP
COUNTY OF LOS ANGELES, CALIF.

T. 3 S., R. 14 W.
TRACT NO. 12954 — M.B. 275-39-45
TRACT NO. 17285 — M.B. 491-27-28

# Exhibit

# "B"

*Crest Escrow Services*

1455 Crenshaw Blvd., Suite 100
Torrance, CA 90501
Phone: (310) 328-9427
Fax: (310) 328-4806

**CREST ESCROW SERVICES IS LICENSED BY THE DEPARTMENT OF BUSINESS OVERSIGHT OF THE STATE OF CALIFORNIA, LICENSE NUMBER 963 0954**

**SALE ESCROW INSTRUCTIONS**

Lauralee Faricelli                                          **Escrow No.:** 031539-LF
Escrow Officer                                             **Date:** February 14, 2018

Buyer will hand you WIRED funds payable to Crest Escrow Services
IN THE AMOUNT OF .................................................................................... 10,000.00
Buyer will hand you a **WIRED FUNDS** Payable to Crest Escrow Services
FIVE BUSINESS DAYS PRIOR TO THE CLOSE OF ESCROW DATE .......................... 470,000.00

**Total Consideration** ...................................................................... **$480,000.00**

and will delivery to you any instruments and/or funds required from me to enable you to comply with these instructions, all of which you are authorized to use and/or deliver pursuant to obtaining on or before **March 7, 2018** , a standard Policy of Title Insurance, with the issuing Title Company's exceptions, with a liability to the amount of total consideration on real property in the county of LOS ANGELES, State of California, described as follows:

LOT 67 OF TRACT NO. 12954, IN THE CITY OF INGLEWOOD, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 275, PAGES 39 TO 45 INCLUSIVE OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

**PROPERTY ADDRESS IS:** (not verified)
2721 W. 101ST STREET, INGLEWOOD, CA  90303

**TITLE TO APPEAR VESTED IN:**
E & M PROPERTY SOLUTIONS, a California Corporation

**SUBJECT TO:**

(1)    Current General and special county and city taxes for the fiscal year 2017 and 2018, including any special district levies payments of which are included therein and collected therewith, for the current fiscal year, not delinquent, including taxes for the ensuing year, if any, a lien but not yet payable.  The lien of supplemental taxes, if any, assessed pursuant to the provisions of Senate Bill 813, Statues of 1983 of the State of California.  BUYER TO PAY ANY SUPPLEMENTAL TAX BILLS ASSESSED AFTER CLOSE OF ESCROW DUE TO THE RECORDING OF THE GRANT DEED FROM SELLER TO BUYER.

(2)    Conditions, restrictions, reservations, covenants, rights, rights of way, easements and the exception of minerals, oil, gas, water, carbons and hydro-carbons substances in, on or under said land, now of record, and in deed to file, affecting the use and occupancy of said property.

**CALIFORNIA RESIDENTIAL PURCHASE AGREEMENT AND JOINT ESCROW INSTRUCTIONS DATED DECEMBER 28, 2017 CONSISTING OF 10 PAGES IS INCORPORATED HEREIN AND MADE A PART HEREOF BY THIS REFERENCE AND IS INTENDED BY THE PARTIES HERETO TO BE VERBATIM INSTRUCTIONS TO ESCROW HOLDER.**

**ALL PARTIES HERETO ACKNOWLEDGE THAT THEY ARE IN RECEIPT OF A COPY OF THE ORIGINAL CALIFORNIA RESIDENTIAL PURCHASE AGREEMENT AND JOINT ESCROW INSTRUCTIONS DATED DECEMBER 28, 2017, WHICH REFLECTS THE ENTIRE UNDERSTANDING AND AGREEMENTS BETWEEN THE PARTIES HERETO.  THESE ESCROW INSTRUCTIONS DO NOT CONTAIN ALL THE PROVISIONS SET FORTH IN SAID ORIGINAL PURCHASE AGREEMENT AND COUNTER OFFER THERETO, HOWEVER, NOTHING IN THESE INSTRUCTIONS IS INTENDED TO SUPERSEDE AND/OR DELETE ANY OF THE TERMS AND CONDITIONS CONTAINED IN SAID ORIGINAL PURCHASE AGREEMENT AND/OR COUNTER OFFER THERETO, WITH REGARD TO THIS TRANSACTION. ANY AMENDMENTS TO THIS ESCROW SHALL ALSO AMEND ORIGINAL CALIFORNIA RESIDENTIAL PURCHASE AGREEMENT AND JOINT ESCROW INSTRUCTIONS DATED DECEMBER 28, 2017, REFERRED TO HEREIN.**

(CONTINUED)

Seller's Initials: _____/_____                              Buyer's Initials: _____/_____

Date:  February 14, 2018

Escrow No.: 031539-LF

Page 2 of 4: Additional instructions made a part of previous pages as fully incorporated therein.

## ADDITIONAL AND/OR RESTATED INSTRUCTIONS:

A.   **PRELIMINARY CHANGE OF OWNERSHIP:**
Parties herein are aware that a Preliminary Change of Ownership Report, in accordance with Section 480.03 of the Revenue and Taxation Code, is to be completed by buyer for each and every recorded document pertaining to change of title and filed at close of escrow.  Buyer herein is aware that he is liable for any and all fees and penalties in connection with same if said report is not completed and filed at the close of escrow.

B.   **FIRE INSURANCE:**
Buyer will deposit new fire insurance policy in form and content acceptable to lender, together with funds to pay first years advance premium for same.  Buyer authorizes payment for said premium from their funds to be deposited herein prior to close of escrow per bill to be handed You.

C.   **TAX REFORM ACT:**
It is understood by Buyer and Seller that the Internal Revenue Service is requiring that all escrow companies report all real estate sale transactions, on a 1099 form, effective January 1, 1987.  In order to comply with said Federal Law, escrow holder has attached a form to the Seller's instructions, wherein Seller MUST fill out necessary information concerning the sale of subject property, sign and return said form prior to close of escrow.  In the event that said form is NOT returned to escrow holder, or if the Seller does not sign and/or fully complete said form, escrow holder MUST WITHHOLD AN AMOUNT EQUAL TO 20% OF THE NET PROCEEDS FROM SELLER'S ACCOUNT, prepare a report and send the funds to the Internal Revenue Service, WITHOUT THE SELLER'S IDENTIFICATION NUMBER OR SOCIAL SECURITY NUMBER ON THE REPORT TO THE INTERNAL REVENUE SERVICE, under Section 1521 of the New Tax Reform Act.  Seller therein understands that his account will be charged for the costs of said reporting.

D.   **NOTICE REQUIRED UNDER CALIFORNIA REVENUE & TAXATION CODE SECTION 18668**
Buyer and Seller are notified that effective January 1, 2003, California Revenue and Taxation Code Section 18662 may require a buyer of real property to cause to be withheld California income taxes from escrow funds, due seller, at the close of escrow, an amount equal to 3-1/3 per cent of the sales price more particularly set forth in "Exhibit" attached hereto and made a part hereof:

E.   **CARBON MONOXIDE DETECTORS:**  The Seller certifies that the Property, as of the close of escrow, will be in accordance with Section 17926, 17926.1 and 17926.2 of the Health and Safety Code by having operable carbon monoxide detector(s) which are approved and installed in accordance with the State Fire Marshall's regulations and applicable local standards.

F.   **Buyer will obtain a 1 year Home Warranty, to be issued by a Company of the Buyers choice.  The Buyer will hand the Escrow funds to pay for the cost of same, unless the Buyer pays for said Home Warranty outside of escrow, if so, a copy of a paid receipt will be handed to Escrow.**

G.   Seller shall pay for a natural hazard zone disclosure report prepared by **MY NHD  NATURAL HAZARD DISCLOSURE**

H.   Seller shall pay for owner's title insurance policy, per original purchase agreement, to be issued by **FIRST AMERICAN TITLE COMPANY**

I.   Seller shall pay one-half escrow fee, payoff, in full, any existing lien(s) against subject property, per demand(s) statement to be secured herein and any and all other costs and/or charges as incurred by or on behalf of the Seller.

J.   Buyer shall pay one-half escrow fee and any and all other costs and/or charges as incurred on the behalf of the Buyer.

The undersigned hereby agrees to pay, on demand, charges for drawing, recording and notarizing all documents, charges of title company, if any, charges of lending institution, if any, and buyer's customary escrow fees, necessary to complete this escrow.

**PRORATIONS:**  Prorate as of Close of Escrow
  •   Real Property taxes based on latest tax bill or on amount furnished by title company.

＊＊＊＊＊＊＊＊＊＊＊＊＊＊＊＊＊＊＊＊＊＊＊＊＊＊＊＊＊＊＊＊＊＊＊＊＊＊＊＊＊＊＊＊＊＊＊

THESE ESCROW INSTRUCTIONS ARE NOT INTENDED TO SUPERSEDE THE REAL ESTATE PURCHASE CONTRACT AND RECEIPT FOR DEPOSIT, BUT TO CARRY OUT ITS TERMS AND CONDITIONS IN CONSUMMATING THE PURCHASE AND SALE, EXCEPT AS MAY BE AMENDED OR MODIFIED BY THE MUTUAL WRITTEN INSTRUCTIONS OF THE PARTIES.

(CONTINUED)

Seller's Initials:  _____/_____                          Buyer's Initials:  _____/_____

Date: February 14, 2018

Escrow No.: 031539-LF

Page 3 of 4: Additional instructions made a part of previous pages as fully incorporated therein.

## GENERAL PROVISIONS

It is mutually understood and agreed to by all the parties of this escrow, jointly and severally, that:

If subject escrow transaction involves a loan insured by F.H.A., or in favor of a lender, whereby a loan trust account is maintained, the impounded funds thereof will be adjusted by charging the buyer and crediting the seller with said impounded funds, the present balance of which is shown in the beneficiary's statement as having been impounded for future payments of taxes, fire insurance and mortgage insurance premiums. Pro-rate also as of CLOSE OF ESCROW the mutual mortgage insurance premium paid in advance of F.H.A. or other lender during the past 12 months. Unless specifically provided for, debtor of said F.H.A. insured loan, or any other loan, waivers substitution of liability, effected thereby.

Make all adjustments and/or prorations on the basis of a 30 day month. "Close of Escrow" is the day instruments are recorded or registered.

All disbursements of funds and/or instruments of this escrow shall be mailed, unregistered, to the designated party in accordance with subject escrow instructions, address of whom is incorporated herein. Deliver new title policy to buyer or to holder of first and/or new encumbrance.

You shall make no physical examination and/or representation of the real and/or personal property described in any documents deposited in said escrow, nor shall you be responsible for the condition thereof.

Deposit all funds in connection with this transaction in an "Escrow Trust Account" with any local bank, without any liability for interest. All disbursements to be made by check of your company on said account and employees will not identify any payee or guarantee (his) (her) signature at any bank.

Your company is not responsible for any personal property tax which may be assessed any former owner of the above described property, nor for the corporation or license tax of any corporation as a former owner.

Any amendment or supplement to these instructions shall not bind your company unless in writing and deposited with your company.

You are not to be held liable for the sufficiency or correctness as to form, manner of execution, or validity of any instrument deposited in this escrow, nor as to identity, authority, or rights of any person executing the same, nor for failure to comply with any of the provisions of any agreement, contract, or other instrument filed herein or referred to herein, and your duties hereunder shall be limited to the safekeeping of such money, instruments, or other documents received by you as escrow holder, and for the disposition of the same in accordance with the written instructions accepted by you in this escrow.

Recordation of any instruments delivered through this escrow, if necessary or proper in the issuance of the policy of title insurance called for, is authorized.

Seller agrees to pay, outside of escrow, and before delinquency, all taxes on personal and/or real property not conveyed through this escrow, which appear a lien on above described property, and you are not to be concerned therewith.

Your company is authorized to destroy or otherwise dispose of any and all documents, papers, instructions, correspondence and other material pertaining to this escrow at the expiration of five years from the date of last activity, regardless of the date of any subsequent amendments hereto, additional or supplemental instructions or date of close of escrow without liability and without further notice to us.

In the event that the conditions of this escrow have not been complied with at the expiration of the time provided for herein you are instructed to complete the same at the earliest possible date thereafter, unless we or either of us have made written demand upon you for the return of the money and/or instruments deposited by either of us, in which case you may withhold and stop all further proceedings in this escrow without liability for interest on funds held or for damages until receipt of mutual cancellation instructions by all parties shall have been deposited in this escrow, whereupon you are then instructed to disburse the escrow funds and instruments accordingly, less your proper charges, or you may return all instruments and/or funds less your proper charges to the respective parties hereto and this escrow will without further notice be considered terminated. We, jointly and severally, agree that in the event of cancellation we shall pay you a sum sufficient to pay you for any expenses which you have incurred pursuant to these instructions and a reasonable cancellation fee for services rendered by you, said expenses and fees to be put in escrow before cancellation is effective. We further agree that said charges may be apportioned to us in a manner which you consider equitable and that your decision in that regard will be binding and conclusive upon us. Any funds which have been deposited by a licensed real estate broker for either or both of us shall be returned to such broker.

If conflicting demands are made or notice served upon you or legal action is taken in connection with this escrow you shall not be required to determine the same or take any action in the premises, but may withhold and stop all further proceedings without liability therefore, or you may file suit in interpleader or for declaratory relief. If you are required to respond to any legal summons or proceedings or if any action of interpleader or declaratory relief is brought by you, we jointly and severally agree to pay all costs, expenses and reasonable attorney's fees expended or incurred by you, and a lien is hereby created in your company's favor to cover said items. We agree to save you harmless as escrow holder hereunder from all loss and expense, including reasonable attorney's fees and court costs sustained by reason of any action, legal or otherwise, which may in any way arise out of this escrow, before or after closing, notwithstanding anything in these instructions to the contrary.

You are further authorized and instructed to remit all funds by your check to the party(ies) depositing same in this escrow if this escrow is not consummated, unless specifically instructed to the contrary.

These instruction may be executed in counterparts, each of which so executed shall, irrespective of the date of its execution and delivery, be deemed an original, and said counterparts together shall constitute one and the same instrument.

In the event it may be necessary or proper for the consummation of this escrow, you are authorized to deposit or have deposited funds or documents, or both, with any bank, trust company, title insurance company, savings and loan association, or licensed escrow agent, subject to your order pursuant to closing this escrow and such deposit shall be deemed a deposit in accordance with the meaning of these instructions.

My signature on all instruments and instructions pertaining to the escrow indicates my unconditional acceptance and approval of the same, and I hereby acknowledge receipt of copy of those instructions.

ESCROW COMPANIES ARE NOT AUTHORIZED TO GIVE LEGAL ADVICE. IF YOU DESIRE LEGAL ADVICE, CONSULT YOUR ATTORNEY BEFORE SIGNING.

EACH PARTY SIGNING THESE INSTRUCTIONS HAS READ THE ADDITIONAL ESCROW CONDITIONS AND INSTRUCTIONS CONTAINED HEREIN AND APPROVES, ACCEPTS AND AGREES TO BE BOUND THEREBY. ALL PARTIES SIGNING THIS AGREEMENT HEREBY ACKNOWLEDGES RECEIPT OF A COPY OF THESE INSTRUCTIONS.

I/We agree to pay FUNDS REQUIRED TO CLOSE ESCROW UPON DEMAND.

(CONTINUED)

Seller's Initials: _____/_____

Buyer's Initials: _____/_____

Date:  February 14, 2018

Escrow No.: 031539-LF

Page 4 of 4:  Additional instructions made a part of previous pages as fully incorporated therein.

**SELLER(S) ONLY:**  The foregoing terms, provisions, conditions, and instructions are hereby approved in their entirety and concurred in by the undersigned who will hand you any documents and/or funds necessary to enable you to comply therewith within the time limit provided for above, all of which you are authorized to use and/or deliver when you hold for the account of the undersigned the funds as set forth above together with any documents due the undersigned as described above. From said sum you shall deduct and pay charges for evidence of title as called for, reconveyance and forwarding fees (if any), Documentary Transfer Tax on deed to file, drawing the recording fees, seller's share of escrow fees, and you authorized to pay off any bonds, assessments, taxes and any liens or encumbrances of record, plus accrued interest, charge and bonus, if any, and any delinquent Homeowners' Association dues.

**SELLERS:**

LELA MAE HIGHTOWER

**BUYERS:**

E & M PROPERTY SOLUTIONS, a California Corporation

By:

ERIN CHVAL, PRESIDENT

*Crest Escrow*
*Services*

1455 Crenshaw Blvd., Suite 100
Torrance, CA 90501
Phone: (310) 328-9427
Fax: (310) 328-4806

Lauralee Faricelli                                      Date: February 14, 2018
Escrow Officer                                  Escrow No.:     031539-LF

Property Address:     2721 W. 101ST STREET, INGLEWOOD, CA 90303

## INSTRUCTIONS TO PAY COMMISSION

At the close of your above-numbered escrow, you are authorized and instructed to pay the following:

| | | |
|---|---|---|
| Pay Commission to | HOPE ELAINE PUNNEO<br>2943 W. CARSON STREET<br>TORRANCE, CA 90503<br>Agent: HOPE ELAINE PUNNEO | $14,400.00 |
| Pay Commission to | TEAM EQUITY LA<br>8467 VAN NESS BLVD.<br>INGLEWOOD, CA 90305<br>Agent: BRUCE MENA | $14,400.00 |

TOTAL COMMISSION                                              $28,800.00

This instruction irrevocably assigns the above stated commission to the above named Broker(s). This instruction may not be amended or revoked without the written consent of the Broker(s) hereinabove named.

**SELLERS:**

_____
LELA MAE HIGHTOWER

HOPE ELAINE PUNNEO                          TEAM EQUITY LA

BY:_____          BY:_____
            Authorized Signature                          Authorized Signature

License #01901950 _____          License #01257475 _____

# Exhibit

# "C"



*Crest Escrow*
*Services*

1455 Crenshaw Blvd., Suite 100
Torrance, CA 90501
Phone: (310) 328-9427
Fax: (310) 328-4806

## UPDATED SELLER'S ESTIMATED NET PROCEEDS

**PROPERTY:**  2721 W. 101ST STREET
INGLEWOOD, CA 90303

**DATE:**  February 14, 2018

**CLOSING DATE:**  March 7, 2018
**ESCROW NO.:**  031539-LF

**SELLER:**  LELA MAE HIGHTOWER

|  | DEBITS | CREDITS |
|---|---|---|
| **FINANCIAL CONSIDERATION** | | |
| Total Consideration | | 480,000.00 |
| **PAYOFF CHARGES - FAY SERVINGS** | | |
| [Total Payoff $142,581.00] | | |
| APPROXIMATE BALANCE | 142,581.00 | |
| **PRORATIONS/ADJUSTMENTS** | | |
| County Taxes at $1464.30/semi-annually from 01/01/2018 to | 536.91 | |
| 03/07/2018 | | |
| **COMMISSION CHARGES** | | |
| HOPE ELAINE PUNNEO | 14,400.00 | |
| TEAM EQUITY LA - | 14,400.00 | |
| **OTHER DEBITS/CREDITS** | | |
| MyNHD, INC NHD REPORT | 80.00 | |
| FRANCHISE TAX BOARD for Non-Resident Tax | 15,984.00 | |
| **TITLE/TAXES/RECORDING CHARGES - FIRST AMERICAN** | | |
| **TITLE COMPANY** | | |
| Title - Messenger Fee | 30.00 | |
| Title - Sub Escrow Fee | 125.00 | |
| Title - Wire Fee | 30.00 | |
| POSSIBLE SB2 Fee | 225.00 | |
| Average Recording Fees | 125.00 | |
| Transfer Tax - County to LOS ANGELES County | 528.00 | |
| 2nd 1/2 Taxes | 1,464.30 | |
| **ESCROW CHARGES - Crest Escrow Services** | | |
| Title - Escrow Fee | 1,160.00 | |
| Title - Processing Demands | 75.00 | |
| Title - Drawing Grant Deed | 75.00 | |
| Title - Wire Fee | 30.00 | |
| Title - Notary Fee | 15.00 | |
| Title - Processing Fee | 100.00 | |
| **Net Proceeds** | 288,035.79 | |
| **TOTAL** | $  480,000.00 | $  480,000.00 |

**THIS IS AN ESTIMATE ONLY AND FIGURES ARE SUBJECT TO CHANGE**

# Exhibit

# "D"

Fill in this information to identify your case:

| | |
|---|---|
| Debtor 1 | **Lela Mae Hightower** |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA |
| Case number (if known) | |

Check if this is:
☐ An amended filing
☐ A supplement showing postpetition chapter 13 income as of the following date:
_____
MM / DD / YYYY

## Official Form 106I
## Schedule I: Your Income
12/15

Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:   Describe Employment

1. **Fill in your employment information.**

   If you have more than one job, attach a separate page with information about additional employers.

   Include part-time, seasonal, or self-employed work.

   Occupation may include student or homemaker, if it applies.

| | | Debtor 1 | Debtor 2 or non-filing spouse |
|---|---|---|---|
| | Employment status | ■ Employed<br>☐ Not employed | ■ Employed<br>☐ Not employed |
| | Occupation | Retired | Retired |
| | Employer's name | | |
| | Employer's address | | |
| | How long employed there? | 15 years | 12 years |

### Part 2:   Give Details About Monthly Income

Estimate monthly income as of the date you file this form. If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

| | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| 2. | List monthly gross wages, salary, and commissions (before all payroll deductions). If not paid monthly, calculate what the monthly wage would be. | $        0.00 | $        0.00 |
| 3. | Estimate and list monthly overtime pay. | +$        0.00 | +$        0.00 |
| 4. | Calculate gross income. Add line 2 + line 3. | $        0.00 | $        0.00 |

Debtor 1    **Leia Mae Hightower**                                Case number (if known) _____

| | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| | Copy line 4 here ........................................ | 4. $ 0.00 | $ 0.00 |

5. **List all payroll deductions:**

| | | | For Debtor 1 | | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|---|
| 5a. | Tax, Medicare, and Social Security deductions | 5a. | $ 0.00 | $ | 0.00 |
| 5b. | Mandatory contributions for retirement plans | 5b. | $ 0.00 | $ | 0.00 |
| 5c. | Voluntary contributions for retirement plans | 5c. | $ 0.00 | $ | 0.00 |
| 5d. | Required repayments of retirement fund loans | 5d. | $ 0.00 | $ | 0.00 |
| 5e. | Insurance | 5e. | $ 0.00 | $ | 0.00 |
| 5f. | Domestic support obligations | 5f. | $ 0.00 | $ | 0.00 |
| 5g. | Union dues | 5g. | $ 0.00 | $ | 0.00 |
| 5h. | Other deductions. Specify: _____ | 5h.+ | $ 0.00 | + $ | 0.00 |

6. **Add the payroll deductions.** Add lines 5a+5b+5c+5d+5e+5f+5g+5h.     6. $ 0.00    $ 0.00

7. **Calculate total monthly take-home pay.** Subtract line 6 from line 4.     7. $ 0.00    $ 0.00

8. **List all other income regularly received:**

| | | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| 8a. | Net income from rental property and from operating a business, profession, or farm<br>Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income. | 8a. | $ 6,900.00 | $ 0.00 |
| 8b. | Interest and dividends | 8b. | $ 0.00 | $ 0.00 |
| 8c. | Family support payments that you, a non-filing spouse, or a dependent regularly receive<br>Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement. | 8c. | $ 0.00 | $ 0.00 |
| 8d. | Unemployment compensation | 8d. | $ 0.00 | $ 0.00 |
| 8e. | Social Security | 8e. | $ 688.00 | $ 1,594.00 |
| 8f. | Other government assistance that you regularly receive<br>Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies.<br>Specify: | 8f. | $ 0.00 | $ 0.00 |
| 8g. | Pension or retirement income | 8g. | $ 0.00 | $ 0.00 |
| 8h. | Other monthly income. Specify: _____ | 8h.+ | $ 0.00 | + $ 0.00 |

9. **Add all other income.** Add lines 8a+8b+8c+8d+8e+8f+8g+8h.     9. $ 7,588.00    $ 1,594.00

10. **Calculate monthly income.** Add line 7 + line 9.     10. $ 7,588.00 + $ 1,594.00 = $ 9,182.00
Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse.

11. **State all other regular contributions to the expenses that you list in Schedule J.**
Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives.
Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in Schedule J.
Specify: _____     11. +$ 0.00

12. **Add the amount in the last column of line 10 to the amount in line 11.** The result is the combined monthly income.
Write that amount on the Summary of Schedules and Statistical Summary of Certain Liabilities and Related Data, if it applies     12. $ 9,182.00

Combined
monthly income

13. **Do you expect an increase or decrease within the year after you file this form?**
- ■ No.
- ☐ Yes. Explain: _____

Fill in this information to identify your case:

Debtor 1 **Lela Mae Hightower**

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the: CENTRAL DISTRICT OF CALIFORNIA

Case number
(if known)

Check if this is:
☐ An amended filing
☐ A supplement showing postpetition chapter 13 expenses as of the following date:

MM / DD / YYYY

# Official Form 106J
## Schedule J: Your Expenses

12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1    Describe Your Household

1.  **Is this a joint case?**

    ■ No. Go to line 2.
    ☐ Yes. **Does Debtor 2 live in a separate household?**

    ☐ No
    ☐ Yes. Debtor 2 must file Official Form 106J-2, *Expenses for Separate Household* of Debtor 2.

2.  **Do you have dependents?**   ☐ No

    Do not list Debtor 1    ■ Yes.   Fill out this information for
    and Debtor 2.                     each dependent...........

    Do not state the
    dependents names.

    | Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
    |---|---|---|
    | Daughter | 51 | ☐ No ■ Yes |
    |  |  | ☐ No ☐ Yes |
    |  |  | ☐ No ☐ Yes |
    |  |  | ☐ No ☐ Yes |

3.  **Do your expenses include expenses of people other than yourself and your dependents?**   ■ No   ☐ Yes

### Part 2    Estimate Your Ongoing Monthly Expenses

Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental *Schedule J*, check the box at the top of the form and fill in the applicable date.

Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on *Schedule I: Your Income* (Official Form 106I.)

**Your expenses**

4.  The rental or home ownership expenses for your residence. Include first mortgage payments and any rent for the ground or lot.

    4.  $                    0.00

    **If not included in line 4:**

    4a.  Real estate taxes                                          4a.  $          290.00
    4b.  Property, homeowner's, or renter's insurance               4b.  $            0.00
    4c.  Home maintenance, repair, and upkeep expenses             4c.  $          100.00
    4d.  Homeowner's association or condominium dues               4d.  $            0.00
5.  Additional mortgage payments for your residence, such as home equity loans   5.  $            0.00

Debtor 1   **Lela Mae Hightower**                                                    Case number (if known)

| | | | | |
|---|---|---|---|---|
| 6. | **Utilities:** | | | |
| | 6a.   Electricity, heat, natural gas | 6a. | $ | 400.00 |
| | 6b.   Water, sewer, garbage collection | 6b. | $ | 0.00 |
| | 6c.   Telephone, cell phone, Internet, satellite, and cable services | 6c. | $ | 175.00 |
| | 6d.   Other. Specify: | 6d. | $ | 0.00 |
| 7. | **Food and housekeeping supplies** | 7. | $ | 1,200.00 |
| 8. | **Childcare and children's education costs** | 8. | $ | 0.00 |
| 9. | **Clothing, laundry, and dry cleaning** | 9. | $ | 0.00 |
| 10. | **Personal care products and services** | 10. | $ | 10.00 |
| 11. | **Medical and dental expenses** | 11. | $ | 50.00 |
| 12. | **Transportation.** Include gas, maintenance, bus or train fare. Do not include car payments. | 12. | $ | 10.00 |
| 13. | **Entertainment, clubs, recreation, newspapers, magazines, and books** | 13. | $ | 0.00 |
| 14. | **Charitable contributions and religious donations** | 14. | $ | 0.00 |
| 15. | **Insurance.** Do not include insurance deducted from your pay or included in lines 4 or 20. | | | |
| | 15a.   Life insurance | 15a. | $ | 20.00 |
| | 15b.   Health insurance | 15b. | $ | 0.00 |
| | 15c.   Vehicle insurance | 15c. | $ | 0.00 |
| | 15d.   Other insurance. Specify: | 15d. | $ | 0.00 |
| 16. | **Taxes.** Do not include taxes deducted from your pay or included in lines 4 or 20. Specify: | 16. | $ | 0.00 |
| 17. | **Installment or lease payments:** | | | |
| | 17a.   Car payments for Vehicle 1 | 17a. | $ | 0.00 |
| | 17b.   Car payments for Vehicle 2 | 17b. | $ | 0.00 |
| | 17c.   Other. Specify: | 17c. | $ | 0.00 |
| | 17d.   Other. Specify: | 17d. | $ | 0.00 |
| 18. | **Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5, *Schedule I, Your Income* (Official Form 106I).** | 18. | $ | 0.00 |
| 19. | **Other payments you make to support others who do not live with you.** Specify: | 19. | | |
| 20. | **Other real property expenses not included in lines 4 or 5 of this form or on *Schedule I: Your Income.*** | | | |
| | 20a.   Mortgages on other property | 20a. | $ | 3,617.00 |
| | 20b.   Real estate taxes | 20b. | $ | 0.00 |
| | 20c.   Property, homeowner's, or renter's insurance | 20c. | $ | 200.00 |
| | 20d.   Maintenance, repair, and upkeep expenses | 20d. | $ | 200.00 |
| | 20e.   Homeowner's association or condominium dues | 20e. | $ | 0.00 |
| 21. | **Other:** Specify: | 21. | +$ | 0.00 |

| | | | |
|---|---|---|---|
| 22. | **Calculate your monthly expenses** | | |
| | 22a. Add lines 4 through 21. | $ | 6,272.00 |
| | 22b. Copy line 22 (monthly expenses for Debtor 2), if any, from Official Form 106J-2 | $ | |
| | 22c. Add line 22a and 22b. The result is your monthly expenses. | $ | 6,272.00 |

| | | | |
|---|---|---|---|
| 23. | **Calculate your monthly net income.** | | |
| | 23a. Copy line 12 *(your combined monthly income)* from Schedule I. | 23a. $ | 9,182.00 |
| | 23b. Copy your monthly expenses from line 22c above. | 23b. -$ | 6,272.00 |
| | 23c. Subtract your monthly expenses from your monthly income. The result is your *monthly net income.* | 23c. $ | 2,910.00 |

24. **Do you expect an increase or decrease in your expenses within the year after you file this form?**
For example, do you expect to finish paying for your car loan within the year or do you expect your mortgage payment to increase or decrease because of a modification to the terms of your mortgage?

☑ No.
☐ Yes.    | Explain here: